■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS CIPOLLA, Appellant. [669 NYS2d 824] —Appeals by the defendant (1) from a judgment of the County Court, Westchester County (LaCava, J.), rendered December 1, 1995, convicting him of criminal possession of a weapon in the first degree, criminal mischief in the first degree, arson in the third degree, criminal possession of a weapon in the third degree, and reckless endangerment in the second degree under Indictment No. 94-01680, upon a jury verdict, and imposing sentence, (2) from a judgment of the same court, rendered April 9, 1996, convicting him of criminal possession of a weapon in the third degree (four counts), criminal possession of a weapon in the fourth degree, criminal storage of explosives in violation of Labor Law § 453, criminal construction of magazines in violation of Labor Law § 454, and criminally owning, possessing, transporting, or using explosives without a proper license in violation of Labor Law § 458 under Indictment No. 94-00999, after a nonjury trial, and imposing sentence, and (3), by permission, from two orders of the same court, both entered September 23, 1996, which denied, without a hearing, his motions pursuant to CPL article 440 to vacate the judgments. The appeals bring up for review the denial, after a hearing, of those branches of the defendant's omnibus motions (one as to each indictment number) which were to suppress physical evidence.

Ordered that the judgments and the orders are affirmed.

Viewing the evidence in the light most favorable to the prosecution (*see, People v Contes,* 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt for his convictions under both indictments. Moreover, upon the exercise of our factual review power, we are satisfied that the verdicts of guilt were not against the weight of the evidence (*see,* CPL 470.15 [5]).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Mangano, P. J., O'Brien, Krausman and Florio, JJ., concur.